**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000535
09-DEC-2021
07:49 AM
Dkt. 69 SO**

NO. CAAP-18-0000535

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GREEN ALOHA LTD., a Hawaii Corporation,
Plaintiff-Appellant,
v.
WINSTON WELBORN; Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171000160)


**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Plaintiff-Appellant **Green Aloha** Ltd. appeals from the Final **Judgment** in favor of Defendant-Appellee Winston **Welborn** entered by the Circuit Court of the First Circuit on June 8, 2018.[1]  For the reasons explained below, we affirm the Judgment.

**The Wasabi Lawsuit**

This case arose from another lawsuit, Wasabi Design, Inc. v. Britt, Civ. No. 16-1-0019, Fifth Circuit, Hawai'i (**Wasabi Lawsuit**).  Welborn was a plaintiff in the Wasabi Lawsuit.  That lawsuit was filed on February 5, 2016.  The complaint made the following allegations: Welborn and Justin **Britt** were the

_____

    [1]    The Honorable James H. Ashford presided.

shareholders of **Wasabi** Design, Inc.; in August 2015, Wasabi received money from the settlement of another lawsuit it had filed; and Britt took more than his share of the settlement funds. The complaint alleged conversion, fraud, unjust enrichment, breach of fiduciary duty, unlawful distribution, declaratory judgment, and receivership and dissolution of Wasabi.

The Wasabi Lawsuit complaint was amended on February 26, 2016. Green Aloha was added as a defendant. The amended complaint alleged that: Britt formed Green Aloha in 2015 to apply for a Hawaiʻi medical marijuana dispensary license; applicants were required to meet certain financial requirements; Britt took more than his share of Wasabi's settlement and used the funds to meet the financial requirements of Green Aloha's license application. The amended complaint sought a constructive trust over Green Aloha's assets.

By order entered on July 29, 2016, the Fifth Circuit Court dismissed Wasabi's and Welborn's claim for unjust enrichment. On August 2, 2016, Wasabi and Welborn filed a second amended complaint. The second amended complaint made additional factual allegations and added a count for breach of contract against Britt.

By order entered on March 15, 2017, the Fifth Circuit Court dismissed Wasabi's and Welborn's remaining claims against Green Aloha. By separate order, also entered on March 15, 2017, the Fifth Circuit Court denied Green Aloha's motion for attorney's fees and costs without prejudice. The Wasabi Lawsuit remains pending before the Fifth Circuit Court.[2]

---

[2] We take judicial notice, pursuant to Rule 201 of the Hawaiʻi Rules of Evidence, that as of December 6, 2021, the last document filed in the Wasabi Lawsuit was a stipulation to continue the hearing on a motion for appointment of counsel/receiver for Wasabi Design, Inc. until moved on, filed on November 4, 2019. The remaining claims appear to be Wasabi's and Welborn's claims against Britt for breach of contract, unlawful distribution, and receivership and dissolution.

**This Lawsuit**

Green Aloha filed this lawsuit against Welborn on January 27, 2017, in First Circuit Court. Green Aloha's complaint alleged two counts: (1) abuse of process; and (2) malicious prosecution.

Welborn responded to Green Aloha's complaint by filing a motion to dismiss. The motion was heard on June 20, 2017. By order entered on July 5, 2017, the circuit court dismissed the malicious prosecution claim but denied the motion as to the abuse of process claim.[3] The July 5, 2017 order is not at issue in this appeal.

Welborn answered Green Aloha's complaint. On February 12, 2018, Welborn filed a motion for judgment on the pleadings or, in the alternative, for summary judgment on Green Aloha's remaining claim. The motion was heard on April 25, 2018. The circuit court requested supplemental briefing. The hearing was continued on May 18, 2018. On June 8, 2018, the circuit court entered an order denying judgment on the pleadings, but granting summary judgment. The Judgment was entered on the same day. This appeal followed.

Green Aloha's single point of error contends that the circuit erred by granting summary judgment for Welborn on Green Aloha's claim for abuse of process. We review a grant of summary judgment de novo using the same standard applied by the trial court. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawai‘i 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate if the evidence presented shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Id.

---

[3] The Honorable Rhonda A. Nishimura entered the order.

"[T]here are two essential elements in a claim for abuse of process: (1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding." <u>Young v. Allstate Ins. Co.</u>, 119 Hawaiʻi 403, 412, 198 P.3d 666, 675 (2008) (cleaned up). The term "process" broadly encompasses "the entire range of procedures incident to litigation." <u>Id.</u> (citation omitted). The second element is material to this appeal because even if Green Aloha can show that Welborn utilized process for an improper ulterior purpose, Green Aloha must still show "a 'willful act' ***distinct from the use of process*** <u>per se</u>." <u>Id.</u> at 416, 198 P.3d at 679 (emphasis added).

Green Aloha contends that a letter from Welborn to Britt dated January 19, 2016 (18 days before the Wasabi Lawsuit was filed) satisfied the "wilful act" element. The letter stated:

> Dear Justin,
>
> I wanted to include this personal note with the final settlement offer from my attorney, Katherine Caswell.
>
> The settlement offer comes with good intentions. It's an opportunity for closure — for my own benefit, and for yours. A few trusted friends (especially Andy Evans) urged me to pursue this route as a last resort. I know that you are going through a lot right now. I care about you more than you think. Consider the emotional and financial costs of a lawsuit. Think about your family, your time, your new business venture, and your money.
>
> I know why you took the money. You're willing to take big risks in pursuit of your new business venture. If you would have asked, I probably would have helped.
>
> My offer contains options for fair resolution — one in which you pay less, and another where you get more time to pay.
>
> You have 7 days to accept. If you do not accept, then I will file a lawsuit, we'll go to court, spend a lot more money, and I will get fully compensated for money due to me, to Wasabi, plus penalties, damages and fees. ***It may also put your dispensary application in jeopardy***.
>
> Think seriously about this Justin. This is a chance to move on.
>
> Sincerely,
>
> Winston

(Emphasis added.)  Green Aloha argues:

> Defendant Welborn's January 19, 2016 correspondence was a threat —  you, Britt, don't settle and I will take action against [Green Aloha].  And that is precisely what [Welborn] did.  And the threat alone, <u>e.g.</u>, threating to sue [Green Aloha] in order to derail its dispensary license in the unrelated proceeding (having nothing to do with the Wasabi lawsuit) is sufficient to meet the second prong of <u>Young</u>.

Green Aloha's argument is without merit for a number of reasons.

**First**, Welborn's letter to Britt was not "process," even under the broad definition of <u>Young</u>, 119 Hawaiʻi at 412, 198 P.3d at 675 (defining "process" as "the entire range of procedures incident to litigation") (emphasis omitted).  The letter was sent 18 days <u>before</u> the Wasabi Lawsuit was filed.  At most, Welborn's letter could be evidence of ulterior motive: that Welborn filed the Wasabi Lawsuit to put Green Aloha's marijuana dispensary license application in jeopardy.  But that would satisfy only the first element (ulterior purpose) of a claim for abuse of process.  This was acknowledged by Green Aloha's counsel during the May 18, 2018 hearing:

> THE COURT:  So how can an action that is taken before process exists be an abuse of that nonexistent process?
>
> [COUNSEL]:  Well, I mean, I don't think you can look at the timeframe just in a vacuum.  He's telegraphing you don't settle this with me, then I'm going to put your medical marijuana license in jeopardy.  The fact of him sending a letter obviously, Your Honor, **that's right, that's not process**.  But that goes to his intent.
>
> . . . .
>
> . . . Of course the letter because it's not process, it's not an abuse of process.
>
> THE COURT:  Well, it's not abuse of process.
>
> [COUNSEL]:  Yeah, and it's not a process at all, it's a letter.  **Letters aren't process**.

(Emphasis added.)

**Second**, as noted by the federal court for the District of Hawaiʻi:

> Young does not address what would constitute a wilful act sufficient to support an abuse of process claim, and the court could find no other Hawaii cases addressing the circumstances under which a plaintiff has sufficiently alleged a wilful act. Prosser and Keeton, upon which Young relied, however, describes that
>
> > [t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.
>
> Prosser and Keeton, at 898.

Ancier v. Egan, Civil No. 14-00294, 2014 WL 6872977 at *6 (D.Haw. Dec. 4, 2014). But see Young, 119 Hawaiʻi at 414, 198 P.3d at 677 ("Offers to settle the claims at issue in a case are proper, if not encouraged, in the regular conduct of proceedings. A contrary rule would have a devastating effect on the settlement process, because parties would be wary of making settlement offers if such offers could provide the essential ingredient to subject them to a second lawsuit for abuse of process.") (cleaned up). In this case the settlement offer at issue — Welborn's January 19, 2016 letter to Britt — was sent 18 days before the Wasabi Lawsuit was filed (against Britt, not against Green Aloha). Welborn's offer did not condition settlement of Wasabi's claim against Britt upon Green Aloha withdrawing its marijuana dispensary license application.

**Third**, Green Aloha cites its interrogatory answers and argues:

> [T]he May 3, 2016 letter and attachments . . . from David Tongg, HK Medicinal's attorney to Virginia Pressler of the DOH supports the allegations. Basically, HK Medicinal tried to use the Wasabi complaint with the frivolous claims against Green Aloha as a way to get the dispensary license revoked so that HK Medicinal would get the license.

The May 3, 2016 letter is not in the record. There is no evidence that Welborn — who admittedly was an investor in HK Medicinal LLC, a company competing with Green Aloha to secure the

6

single marijuana dispensary license available for the island of Kauaʻi — had any involvement in writing HK Medicinal's letter or sending it to the Department of Health.  Nor is there any evidence Welborn actually used the Wasabi Lawsuit to jeopardize Green Aloha's license application.

Welborn sustained his burden of production under Rule 56 of the Hawaiʻi Rules of Civil Procedure by filing a declaration denying any involvement with the alleged use of the Wasabi Lawsuit to jeopardize Green Aloha's medical marijuana dispensary license application.  See Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (noting that "[t]he burden is on the moving party to establish that summary judgment is proper").  The record contains no evidence of any wilful act by Welborn distinct from prosecuting the Wasabi Lawsuit that may have jeopardized Green Aloha's dispensary application, or was otherwise "antithetical to the legitimate conduct of" the Wasabi Lawsuit.  See Young, 119 Hawaiʻi at 416, 198 P.3d at 679.

For the foregoing reasons, the Judgment entered by the circuit court on June 8, 2018, is affirmed.

DATED:  Honolulu, Hawaiʻi, December 9, 2021.

On the briefs:

Richard E. Wilson,
for Plaintiff-Appellant.

A. Bernard Bays,
Michael C. Carroll,
Brian M. Mullin,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge